CELIA McGUINNESS, ESQ. (SBN 159420)
STEVEN L. DERBY, ESQ. (SBN 148372)
DERBY, McGUINNESS & GOLDSMITH, LLP
1999 Harrison St., Suite 1800
Oakland, CA 94612
Telephone: (510) 987-8778
Facsimile: (510) 359-4419
Email: info@dmglawfirm.com

Attorney for Plaintiff
SARAH BIRDWELL

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH BIRDWELL,<br><br>    Plaintiff,<br><br>v.<br><br>AVALONBAY COMMUNITIES, INC.,<br>a California Corporation<br><br>    Defendants. | CASE NO.<br><br>Civil Rights<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>1) Violation of the Federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.*<br><br>2) Violation of the Fair Employment and Housing Act, Cal. Gov't Code § 12955 *et seq.*<br><br>3) Violation of the Unruh Civil Rights Act, Cal. Civil Code §51 *et seq.*<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.  Defendant, a billion dollar real estate development and property management company, are discriminating against Plaintiff, a disabled tenant, by making her pay the cost of her reasonable accommodation request for a modification of their occupancy policy. Defendant also fails to construct and maintain their new facilities in compliance with the Fair Housing Act and State law. Defendant's failure and refusal to accommodate Plaintiff's disability-related needs denies her equal enjoyment of her home in violation of federal and State disability laws.

# JURISDICTION

2. This Court has jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. § 1331 for violations of 29 U.S.C. § 794. This Court has jurisdiction over the pendent state law claims brought under California law pursuant to 28 U.S.C. § 1367.

# VENUE

3. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiff's causes of action arose in this District.

# PARTIES

4. Plaintiff Sarah Birdwell is a graphic designer and teacher. She lives with a medical condition that causes her to be very weak in her extremities. She uses a power wheelchair for ambulation and has limited use of her arms and hands. She cannot walk, lift, pull, or perform activities of daily living in the same manner and with the same function as other people. She has a home health aide at least 15 hours per day. She is and at all times relevant to this action has been a person with a disability within the meaning of the federal Fair Housing Act (42 U.S.C. § 3602), the California Fair Employment and Housing Act ("FEHA") (Government Code §§ 12926 and 12926.1), the California Unruh Civil Rights Act ("Unruh Act") (Civil Code § 51) and Civil Code § 3345. She drives a wheelchair-accessible vehicle and holds a disabled parking placard from the State of California.

5. Ms. Birdwell rents an apartment at Avalon Walnut Creek, an apartment complex in Walnut Creek, California. Defendant's employees are aware that Ms. Birdwell is a person with disabilities, as her disabilities are obvious upon seeing her.

6. Defendant AvalonBay Communities, Inc., is a California corporation. It describes itself as "an equity REIT" with "a long-term track record of developing, redeveloping, acquiring and managing distinctive apartment homes." It calls itself the 9th-largest publicly traded REIT in the U.S. It owns or holds an ownership interest in 294 apartment communities containing 86,676

apartment homes in 11 states and the District of Columbia. It developed, owns and manages Avalon Walnut Creek, comprising 418-apartments and amenities such as a parking garage, and a swimming pool.

7. Defendant AvalonBay Communities, Inc. holds out on its website that "As someone seeking to rent an apartment…..you have the right to expect that housing will be available to you without discrimination or other limitations based on race, color, religion, sex, handicap, familial status, or national origin. This includes….no discrimination in the pricing or financing of housing, reasonable accommodation in rules, practices and procedures for persons with disabilities, and to be free from harassment or intimidation for exercising your fair housing rights. Defendant lists the Fair Housing Act, Americans with Disabilities Act and State and Local Laws as the basis for going to "great lengths to comply with the Fair Housing Act" http://www.avaloncommunities.com/equal-housing-opportunity-communities, lasted visited December 1, 2020.

8. Defendant also represents that one of its core values is to "take ownership of and accountability for our choices and actions. We act in ways that focus on creating value for our customers…" http://www.avaloncommunities.com/about-us/purpose-and-values,  lasted visited December 1, 2020.

### FACTS COMMON TO ALL CLAIMS

<u>Denial of Reasonable Accommodation Requests</u>

9. In order to qualify for tax credits and other development incentives, Avalon Walnut Creek offers a certain percentage of below-market rental units. Ms. Birdwell qualifies for a below market unit. When she was accepted for tenancy in 2010, Ms. Birdwell asked for (a) a wheelchair accessible unit and (b) a two-bedroom unit to accommodate her disability-related need for an overnight health aide. The property manager at the time, told her he did not think the property had any wheelchair accessible units, but he could give her a two-bedroom unit at the one-bedroom rate.

///

10. Ms. Birdwell accepted the two-bedroom unit as her best option, though it was not accessible. Relying on the manager's word and not having any basis for comparison, Ms. Birdwell assumed that she was being charged the one-bedroom price, as an accommodation of her disability.

11. In 2016, Defendant notified Ms. Birdwell that she was violating its housing policies because she was living in a two-bedroom unit as the only person on the lease. Defendant threatened to evict her unless she moved to a one-bedroom unit. Ms. Birdwell reminded management of the fact that her two-bedroom unit was a reasonable accommodation of her disability-related needs, an accommodation she had been granted eight years earlier. Defendant asked her to put a new reasonable accommodation request in writing, and to provide a note from her caregiver. She did so.

12. In 2018, Plaintiff learned she was being charged more than the one-bedroom rate. She raised the issue with management, stating that based on her accommodation she should be paying the one-bedroom rate. In July 2018, Defendant confirmed it indeed was charging her the two-bedroom rate. Plaintiff asked to be charged only the one-bedroom rate, in accordance with her need for accommodation.

13. Defendant decided to continue imposing the cost of the accommodation on her. In September 2018, Defendant refused to charge her the one-bedroom rate, even though it agreed the two-bedroom unit was a reasonable accommodation of her disability. Its only "interactive process" suggestion was that Plaintiff move out of her unit. "Granting" an accommodation but expecting the tenant to pay for it is actually a denial of the accommodation.

14. Defendant has never claimed that paying for the reasonable accommodation would be an unreasonable financial or administrative burden upon it. Plaintiff is informed and believe it would not unreasonably burden Defendant, which enjoyed $147,700,000 net profit over the first three quarters of 2020 alone.

15. In 2020, Plaintiff retained counsel, who sent Defendant a letter on June 25, 2020, warning Defendant that it was violating Plaintiff's federal and State civil rights by making her pay for the accommodation. Plaintiff's counsel asked Defendant reduce Plaintiff's rent to the

one-bedroom rate. In prelitigation negotiations between June and October 2020, Defendant repeatedly reiterated its intent to continue charging Plaintiff for her reasonable accommodation.

### Additional Denial of Reasonable Accommodation

16. In the summer of 2019, PG&E enforced rolling electricity blackouts due to rampant wildfires. During the outages, the elevators in Ms. Birdwell's building were out of service. She lives on the second floor of her building. Therefore, she was trapped in her unit for three straight days.

17. Plaintiff made reasonable accommodation requests for assistance getting out of her apartment during power outages. Defendant denied her request and told her to call the fire department for assistance. It did not claim that granting the request would be an undue burden. Defendant did not engage in any interactive process.

18. Defendant told Plaintiff that her only option if she wanted to leave her unit was to call the fire department for EMT assistance. Thus, Defendant foisted its responsibility for its tenants' needs onto taxpayers and burdened public services. Ms. Birdwell could not envision calling the fire department twice a day for assistance. She had no choice to remain in her apartment until the power returned.

### Physical Barriers to Access in the Facilities

19. Avalon Walnut Creek is a new property. Based upon a review of publicly available records, Plaintiff is informed and believes that it was developed in 2006 through 2009.

20. Avalon Walnut Creek was required to be built in compliance with both the American National Standard Access Standards and the California Building Code, Title 24-2, in order to ensure equal access to facilities for people with disabilities.

21. Defendant either failed to construct, or failed to maintain, the required accessible elements. As a result, barriers to access pervade the facilities. For example, in Plaintiff's apartment:

///

- The entry is excessively heavy and closes too quickly on her wheelchair.
- The built-in microwave oven and the stove controls are too far away for her to reach, as is the stacked washer-dryer.
- She does not have a roll-in shower and it is difficult for her to get over the tub.
- The bathroom is too small, so that she does not have the requisite turning area.
- There are no grab bars on the toilet, which is too far from the side wall and set too low.
- There is not sufficient pull-side clearance at her bedroom door.

These elements cause Plaintiff difficulty and reduce her independence within her own home.

22. Other barriers impede Ms. Birdwell's access to common areas and tenant amenities. The barriers she has encountered include, but are not limited to:

- Common area doors are excessively heavy for her to open and/or close too quickly on her wheelchair.
- At least three door thresholds are too high, making it slow and awkward to traverse them in her chair.
- Card readers installed for security at common area doors and elevators are placed too high or at locations difficult for her to reach. When she uses her card to unlock these doors or call the elevator they relock too quickly, before she can maneuver through the door. Often she has to make several attempts just to get through a door.
- At least three designated parking spaces require traveling in the drive lane.
- There are too few disabled parking spaces in the tenant parking section.
- Tables and restrooms in the pool area are not accessible.
- There is no pool lift at the swimming pool.

23. These barriers cause her difficulty and discomfort, as she cannot get to and use spaces such as the swimming pool without a struggle, let alone simply getting in and out of her

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES    6

building. Defendant has an ongoing practice and policy not to maintain accessible features throughout the facilities.

24. Because of Defendant's unlawful acts and practices, Ms. Birdwell has suffered and continues to suffer ongoing distress including violation of her civil rights, embarrassment, loss of dignity, loss of independence, and physical pain. Defendant's refusal to grant her reasonable accommodation requests evidences its intent to discriminate, despite actual knowledge of the law.

25. Unless enjoined, Defendant will continue to engage in the unlawful acts and the pattern or practice of discrimination described in this complaint against Plaintiff and other disabled persons. Plaintiff continues to suffer irreparable damage and thus has no adequate remedy at law. Accordingly, Plaintiff is entitled to injunctive relief as set forth below.

26. In doing the acts of which Plaintiff complains, Defendant acted with oppression and malice, and with knowing disregard of Plaintiff's rights. Accordingly, Plaintiff is entitled to punitive and exemplary damages.

27. In engaging in the unfair acts of which Plaintiff complains, Defendant knew that its conduct was directed at a disabled person, Plaintiff, and that conduct caused her harm, entitling her to a trebling of penalties and statutory and punitive damages pursuant to Civil Code section 3345.

**FIRST CAUSE OF ACTION:
VIOLATION OF THE FEDERAL FAIR HOUSING ACT
AGAINST ALL DEFENDANTS
[42 U.S.C. § 3601 ET SEQ.]**

28. Plaintiff incorporates by reference the preceding paragraphs.

29. The Fair Housing Amendments Act (FHA) makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of any person associated with that person." 42 U.S.C. § 3604(f)(2)(A).

30. Discrimination under the FHA also includes a refusal "to permit, at the expense of the handicapped person, reasonable modifications of existing premises occupied or to be occupied

1  by such person if such modifications may be necessary to afford such person full enjoyment of
2  the premises" and "a refusal to make reasonable accommodations in rules, policies, practices, or
3  services, when such accommodations may be necessary to afford such person equal opportunity
4  to use and enjoy a dwelling." 42 U.S.C. § 3604(3)(A), (B).

5.  31.  Plaintiff is a "handicapped person" as defined at 42 U.S.C. § 3602 of the FHA.
Plaintiff is also an "aggrieved person" because she has been injured by a discriminatory housing practice and believes it will continue unless remediated by this Court. 42 U.S.C.A. § 3602(i).

32.  Plaintiff's apartment is a "dwelling" within the meaning of the FHA. 42 U.S.C. § 3602(b).

33.  Defendant has violated the FHA as follows:
   a.  Failing and refusing to grant reasonable accommodation requests that may be necessary for Plaintiff to have equal access to her home;
   b.  Failing and refusing to engage in a good faith, timely interactive process regarding Plaintiff's requests for a reasonable accommodation.
   c.  Failure to construct and/or maintain facilities constructed for first use after 1992 in an accessible condition, in conformity with the American National Standard for buildings and facilities providing accessibility and usability for physically handicapped people (commonly cited as "ANSI A117.1") or other applicable standard. Defendant has a pattern and practice, and a policy, not to maintain its accessible features.

34.  Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' refusal to provide this accommodation that would afford Plaintiff the ability to enjoy her home on an equal basis with other tenants.

35.  Plaintiff has no adequate remedy at law to compensate her for the continuing loss of opportunity to enjoy the amenities for which she pays and therefore seeks an order from this court enjoining Defendants to grant her reasonable accommodation request.

36.  Plaintiff further seeks a mandatory injunction requiring Defendant to implement and disseminate policies and procedures regarding the handling of requests for accommodation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES          8

1  by tenants and to provide proper training to their employees on these policies and procedures, to
2  grant her reasonable accommodation requests, and to remove physical barriers to access
3  throughout the property.

4      37.    The barriers to full and equal enjoyment of Plaintiff's home complained of herein
5  as well as the failures to adopt and modify policies and procedures for granting reasonable
6  accommodation requests are patent barriers to people with disabilities and are of an obvious and
7  intuitive nature such that failing to grant the request or to modify policies demonstrates
8  intentional discrimination. Defendant is familiar with the requirements for the provision of
9  accessible features and policies, for use by people with disabilities and are aware that such
10 matters are governed by federal and State fair housing laws.  Defendant intentionally refused to
11 grant the reasonable accommodation in the face of Plaintiff's direct, timely and written requests
12 for its assistance and its own attorney's advice, and failed to adopt or modify policies and
13 procedures to provide access to Plaintiff and persons similarly situated. Plaintiff's damages
14 resulted from Defendant's intentional acts and omissions.

15     WHEREFORE, Plaintiff requests relief as outlined below.

17 **SECOND CAUSE OF ACTION**
18 **VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT AGAINST ALL DEFENDANTS**
19 **[Cal. Gov't Code § 12955 et seq.]**

20     38.    Plaintiff incorporates by reference the preceding paragraphs.
21     39.    The California Fair Employment and Housing Act (FEHA) makes it unlawful for a
22 housing accommodation to discriminate against any person on the basis of…disability…."
23     40.    Plaintiff's condominium is a housing accommodation within the definition of
24 Government Code section 12927.
25     41.    Defendant is an "owner" within the meaning of Government Code § 12927(e).
26     42.    Plaintiff is a "person with a disability" as defined by Cal. Gov't Code § 12955.3
27 and § 12926.
28     43.    Defendant has violated FEHA as follows:

      a.    Failing and refusing to grant reasonable accommodation requests that may be necessary for Plaintiff to have equal access to her home.

      b.    Failing and refusing to engage in a good faith, timely interactive process regarding Plaintiff's requests for a reasonable accommodation.

      c.    Failure to construct and maintain facilities in an accessible condition, in conformity with the California Building Code.

44. Plaintiff has suffered actual injury as a result of Defendant's discriminatory behavior.

45. Plaintiff has no adequate remedy at law to compensate her for the loss of opportunity to enjoy her home and therefore seeks an order from this court enjoining Defendant as previously described.

46. The barriers to full and equal enjoyment of Plaintiff's home complained of herein as well as the failures to adopt and modify policies and procedures for granting reasonable accommodation requests are patent barriers to people with disabilities and are of an obvious and intuitive nature such that failing to grant the request or to modify policies demonstrates intentional discrimination. Defendant is familiar with the requirements for the provision of accessible features and policies, for use by people with disabilities and are aware that such matters are governed by federal and State fair housing laws. Defendant intentionally refused to grant the reasonable accommodation in the face of Plaintiff's direct, timely and written requests for its assistance and its own attorney's advice, and failed to adopt or modify policies and procedures to provide access to Plaintiff and persons similarly situated. Plaintiff's damages resulted from Defendant's intentional acts and omissions.

WHEREFORE, Plaintiff requests relief as outlined below.

**THIRD CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA UNRUH CIVIL RIGHTS ACT**
**AGAINST ALL DEFENDANTS**
**[CIVIL CODE § 51 *et. seq.*]**

47. Plaintiff incorporates by reference the preceding paragraphs.

48. Plaintiff is a person with a disability as defined by §12926 of the California Government Code.

49. Defendant is an owner and/or operator of a business establishment under the Unruh Act, Civil Code section 51.

50. Unruh requires that Defendant provides Plaintiff as a disabled person "full and equal accommodations, advantages, facilities, privileges, or services" of Avalon Walnut Creek.

51. Section 52(a) of the California Civil Code provides:

> (a) Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6, is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Sections 51, 51.5, or 51.6.

52. Defendant has violated FEHA as follows:

   a. Failing and refusing to grant reasonable accommodation requests that may be necessary for Plaintiff to have equal access to her home.

   b. Failing and refusing to engage in a good faith, timely interactive process regarding Plaintiff's requests for a reasonable accommodation.

   c. Failure to construct and maintain facilities in an accessible condition, in conformity with the California Building Code.

53. Plaintiff does not claim a violation of the Americans with Disabilities Act (ADA) as incorporated into Unruh, Civil Code section 51(f).

54. As a result of Defendant's acts and omissions, Plaintiff suffered actual harms and losses including but not limited to physical and mental pain, fear, embarrassment and emotional distress. Plaintiff's harms and losses are ongoing so long as Defendant does not modify its policies and procedures to ensure equal access for Plaintiff and other persons with disabilities. Plaintiff has no adequate remedy at law to compensate her for the loss of opportunity to enjoy her home on an equal basis and therefore seeks, in addition to all appropriate actual damages, an order from this court enjoining Defendant as described above.

55. The barriers to full and equal enjoyment of Plaintiff's home complained of herein as well as the failures to adopt and modify policies and procedures for granting reasonable accommodation requests are patent barriers to people with disabilities and are of an obvious and intuitive nature such that failing to grant the request or to modify policies demonstrates intentional discrimination. Defendant is familiar with the requirements for the provision of accessible features and policies, for use by people with disabilities and are aware that such matters are governed by federal and State fair housing laws. Defendant intentionally refused to grant the reasonable accommodation in the face of Plaintiff's direct, timely and written requests for its assistance and its own attorney's advice, and failed to adopt or modify policies and procedures to provide access to Plaintiff and persons similarly situated. Plaintiff's damages resulted from Defendant's intentional acts and omissions.

56. Based upon the foregoing, Plaintiff is entitled to statutory damages, actual damages, punitive and general damages as set forth below.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint. Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests.

WHEREFORE, Plaintiff prays for judgment and the following specific relief against Defendant:

1. For an order enjoining Defendant, its agents, officers, employees, and all persons acting in concert with it:

    a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b. To grant the reasonable accommodation Plaintiff has requested;

    c. To properly engage in the interactive process with Plaintiff and others similarly situated to arrive at an effective accommodation that will provide her equal access to her home;

        c.      To train Defendant's employees and agents in how to lawfully accommodate the rights and needs of physically disabled persons;

        e.      To implement and disseminate nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities;

        f.      To remove physical barriers to access and maintain accessible features; and

2. That the Court retain jurisdiction over the Defendant until such time as the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, as complained of herein no longer occur, and cannot recur;

3. Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages, treble damages and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

4. Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by federal and state law;

5. Grant such other and further relief as this Court may deem just and proper.

Dated:  February 3, 2021                DERBY, McGUINNESS & GOLDSMITH, LLP

                                              */s/ Celia McGuinness*
                                           By Celia McGuinness
                                           Attorneys for Plaintiff

## **DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated:  February 3, 2021                DERBY, McGUINNESS & GOLDSMITH, LLP

                                              */s/ Celia McGuinness*
                                           By Celia McGuinness
                                           Attorneys for Plaintiff