1   CELIA McGUINNESS, ESQ. (SBN 159420)
    STEVEN L. DERBY, ESQ. (SBN 148372)
2   DERBY, McGUINNESS & GOLDSMITH, LLP
    1999 Harrison St., Suite 1800
3   Oakland, CA 94612
    Telephone: (510) 987-8778
4   Facsimile: (510) 359-4419
    Email: info@dmglawfirm.com
5
    Attorney for Plaintiff
6   SARAH BIRDWELL

7

8                   UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF CALIFORNIA
9

10  SARAH BIRDWELL,                          CASE NO.   4:21-cv-00864-JST

11        Plaintiff,                         Civil Rights

12  v.                                       **FIRST AMENDED COMPLAINT FOR
                                             INJUNCTIVE RELIEF AND DAMAGES:**
13  AVALONBAY COMMUNITIES, INC.,
    a California Corporation                 1)   Violation of the Federal Fair Housing Act,
14                                                42 U.S.C. § 3601 *et seq.*
          Defendants.
15                                           2)   Violation of the Fair Employment and
                                                  Housing Act, Cal. Gov't Code § 12955 *et*
16                                                *seq.*

17                                           3)   Violation of the Unruh Civil Rights Act,
                                                  Cal. Civil Code §51 *et seq.*
18

19                                           **DEMAND FOR JURY TRIAL**

20

21

22                              **INTRODUCTION**

23        1.    Defendant, a billion-dollar real estate development and property management

24  company, is discriminating against Plaintiff, a disabled tenant, by making her pay the cost of her

25  reasonable accommodation request for a modification of their occupancy policy.  Defendant also

26  fails to construct and maintain their new facilities in compliance with the Fair Housing Act and

27  State law.  Defendant's failure and refusal to accommodate Plaintiff's disability-related needs

28  denies her equal enjoyment of her home in violation of federal and State disability laws.

    FIRST AMENDED COMPLAINT FOR INJUNCTIVE          1
    RELIEF AND DAMAGES

**JURISDICTION**

2.    This Court has jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. § 1331 for violations of 29 U.S.C. § 794.  This Court has jurisdiction over the pendent state law claims brought under California law pursuant to 28 U.S.C. § 1367.

**VENUE**

3.    Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this District and that Plaintiff's causes of action arose in this District.

**PARTIES**

4.    Plaintiff Sarah Birdwell is a graphic designer and teacher.  She lives with a medical condition that causes her to be very weak in her extremities.  She uses a power wheelchair for ambulation and has limited use of her arms and hands.  She cannot walk, lift, pull, or perform activities of daily living in the same manner and with the same function as other people.  She has a home health aide at least 15 hours per day.  She is and at all times relevant to this action has been a person with a disability within the meaning of the federal Fair Housing Act (42 U.S.C. § 3602), the California Fair Employment and Housing Act ("FEHA") (Government Code §§ 12926 and 12926.1), the California Unruh Civil Rights Act ("Unruh Act") (Civil Code § 51) and Civil Code § 3345.  She drives a wheelchair-accessible vehicle and holds a disabled parking placard from the State of California.

5.    Ms. Birdwell rents an apartment at Avalon Walnut Creek, an apartment complex in Walnut Creek, California.   Defendant's employees are aware that Ms. Birdwell is a person with disabilities, as her disabilities are obvious upon seeing her.

6.    Defendant AvalonBay Communities, Inc., is a California corporation.  It describes itself as "an equity REIT" with "a long-term track record of developing, redeveloping, acquiring and managing distinctive apartment homes."  It calls itself the 9th-largest publicly traded REIT in the U.S.  It owns or holds an ownership interest in 294 apartment communities containing 86,676

1  apartment homes in 11 states and the District of Columbia.  It developed, owns and manages

2  Avalon Walnut Creek, comprising 418-apartments and amenities such as a parking garage, and a

3  swimming pool.

4         7.      Defendant AvalonBay Communities, Inc. holds out on its website that "As

5  someone seeking to rent an apartment…..you have the right to expect that housing will be

6  available to you without discrimination or other limitations based on race, color, religion, sex,

7  handicap, familial status, or national origin. This includes….no discrimination in the pricing or

8  financing of housing, reasonable accommodation in rules, practices and procedures for persons

9  with disabilities, and to be free from harassment or intimidation for exercising your fair housing

10 rights. Defendant lists the Fair Housing Act, Americans with Disabilities Act and State and Local

11 Laws as the basis for going to "great lengths to comply with the Fair Housing Act"

12 http://www.avaloncommunities.com/equal-housing-opportunity-communities, lasted visited

13 December 1, 2020.

14        8.      Defendant also represents that one of its core values is to "take ownership of and

15 accountability for our choices and actions. We act in ways that focus on creating value for our

16 customers…" http://www.avaloncommunities.com/about-us/purpose-and-values,  lasted visited

17 December 1, 2020.

18

19                        **FACTS COMMON TO ALL CLAIMS**

20                        Denial of Reasonable Accommodation Requests

21        9.      In order to qualify for tax credits and other development incentives, Avalon

22 Walnut Creek offers a certain percentage of below-market rental units.  Ms. Birdwell qualifies for

23 a below market unit.  When she was accepted for tenancy in 2010, Ms. Birdwell asked for (a) a

24 wheelchair accessible unit and (b) a two-bedroom unit to accommodate her disability-related need

25 for an overnight health aide.  The property manager at the time, told her he did not think the

26 property had any wheelchair accessible units, but he could give her a two-bedroom unit at the

27 one-bedroom rate.

28 ///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE        3
RELIEF AND DAMAGES

1    10.    Ms. Birdwell accepted the two-bedroom unit as her best option, though it was not

2  accessible.  Relying on the manager's word and not having any basis for comparison, Ms.

3  Birdwell assumed that she was being charged the one-bedroom price, as an accommodation of her

4  disability.

5    11.    In 2016, Defendant notified Ms. Birdwell that she was violating its housing

6  policies because she was living in a two-bedroom unit as the only person on the lease.  Defendant

7  threatened to evict her unless she moved to a one-bedroom unit.  Ms. Birdwell reminded

8  management of the fact that her two-bedroom unit was a reasonable accommodation of her

9  disability-related needs, an accommodation she had been granted eight years earlier.  Defendant

10  asked her to put a new reasonable accommodation request in writing, and to provide a note from

11  her caregiver.  She did so.

12    12.    In 2018, Plaintiff learned she was being charged more than the one-bedroom rate.

13  She raised the issue with management, stating that based on her accommodation she should be

14  paying the one-bedroom rate.  In July 2018, Defendant confirmed it indeed was charging her the

15  two-bedroom rate.  Plaintiff asked to be charged only the one-bedroom rate, in accordance with

16  her need for accommodation.

17    13.    Defendant decided to continue imposing the cost of the accommodation on her.  In

18  September 2018, Defendant refused to charge her the one-bedroom rate, even though it agreed the

19  two-bedroom unit was a reasonable accommodation of her disability.  Its only "interactive

20  process" suggestion was that Plaintiff move out of her unit.  "Granting" an accommodation but

21  expecting the tenant to pay for it is actually a denial of the accommodation.

22    14.    Defendant has never claimed that paying for the reasonable accommodation would

23  be an unreasonable financial or administrative burden upon it.  Plaintiff is informed and believe it

24  would not unreasonably burden Defendant, which enjoyed $147,700,000 net profit over the first

25  three quarters of 2020 alone.

26    15.    In 2020, Plaintiff retained counsel, who sent Defendant a letter on June 25, 2020,

27  warning Defendant that it was violating Plaintiff's federal and State civil rights by making her

28  pay for the accommodation.  Plaintiff's counsel asked Defendant reduce Plaintiff's rent to the

FIRST AMENDED COMPLAINT FOR INJUNCTIVE                4
RELIEF AND DAMAGES

1   one-bedroom rate.   In prelitigation negotiations between June and October 2020, Defendant

2   repeatedly reiterated its intent to continue charging Plaintiff for her reasonable accommodation.

3

4        Additional Denial of Reasonable Accommodation

5        16.     In the summer of 2019, PG&E enforced rolling electricity blackouts due to

6   rampant wildfires.  During the outages, the elevators in Ms. Birdwell's building were out of

7   service.  She lives on the second floor of her building.  Therefore, she was trapped in her unit for

8   three straight days.

9        17.     Plaintiff made reasonable accommodation requests for assistance getting out of her

10  apartment during power outages.  Defendant denied her request and told her to call the fire

11  department for assistance.  It did not claim that granting the request would be an undue burden.

12  Defendant did not engage in any interactive process.

13       18.     Defendant told Plaintiff that her only option if she wanted to leave her unit was to

14  call the fire department for EMT assistance.  Thus, Defendant foisted its responsibility for its

15  tenants' needs onto taxpayers and burdened public services.  Ms. Birdwell could not envision

16  calling the fire department twice a day for assistance.  She had no choice to remain in her

17  apartment until the power returned.

18

19       Physical Barriers to Access in the Facilities

20       19.     Avalon Walnut Creek is a new property.  Based upon a review of publicly

21  available records, Plaintiff is informed and believes that it was developed in 2006 through 2009.

22       20.     Avalon Walnut Creek was required to be built in compliance with both the

23  American National Standard Access Standards and the California Building Code, Title 24-2, in

24  order to ensure equal access to facilities for people with disabilities.

25       21.     Defendant either failed to construct, or failed to maintain, the required accessible

26  elements.  As a result, violations of these building requirements pervade the facilities, interfering

27  with her full and equal enjoyment of the facilities.  For example, in Plaintiff's apartment:

28  ///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES                         5

1    • The entry door is excessively heavy for her and closes too quickly on her

2       wheelchair.

3    • The kitchen lacks an accessible work surface.

4    • One bathroom lacks the required maneuvering clearance on the inside to allow

5       sufficient space to open the door;

6    • The other bathroom does not provide sufficient strike-side clearance to open the

7       door on the pull side.

8  These elements cause Plaintiff difficulty and reduce her independence within her own home.

9       22.    Other code violations impede Ms. Birdwell's access to common areas and tenant

10  amenities.  The barriers include:

11   • There are 194 unassigned resident parking spaces in the Sunne Lane garage

12      serving her unit, but only 5 are accessible, half the number required, causing her

13      difficulty when she cannot find a place to park.

14   • None of the additional two Hybrid Vehicle parking spaces and 14 Electric Vehicle

15      parking spaces are accessible.

16   • The garage lacks the required accessibility signage.

17   • At one of the swimming pools there is absolutely no means of entry for a

18      wheelchair user like plaintiff.  At the other pool there is a sleeve installed to place

19      a wheelchair lift, but the lift is at all times stored in a closet and has never been

20      placed in service.  She has never been able to use either pool any time during her

21      tenancy.

22   • In addition, at one of the pools the newly-installed deck had an approximately 2"

23      change of level built into it where it meets the original decking, creating a safety

24      hazard for her.

25   • At 1001 Harvey, the BBQ grills are not accessible to her.

26   • Doors throughout the common areas, including 1000 and 1001 Harvey, in

27      corridors, swimming pools, lounge areas and restrooms, contain various barriers

28      causing her difficulty and safety hazards, *e.g.*, insufficient strike side clearance,

FIRST AMENDED COMPLAINT FOR INJUNCTIVE          6
RELIEF AND DAMAGES

excessively high thresholds, doors too heavy and/or closing too quickly, bottom rail not tapered.

- Other problems in the common area paths of travel include improperly installed truncated domes and a ramp where the handrail extension does not extend far enough past the end of the ramp.

- Common area restrooms at the pool, the leasing office and the fitness center lack sufficient turning radius, elements such as grab bars, toilet paper and sanitary napkin dispensers and door handles are not properly installed, and hot water pipes are not insulated.

- Additionally, the 1000 Harvey swimming pool shower is not properly constructed in that the lavatory does not allow leg space, the folding seat is too far from the wall and the shower arm is out of reach range.

- Throughout the common areas wayfinding signage for accessible routes is missing, wrongly positioned or confusing, a potential danger in times of emergency.

- Card readers installed for security at common area doors and elevators are placed too high or at locations difficult for her to reach.  When she uses her card to unlock these doors or call the elevator they relock too quickly, before she can maneuver through the door.  Often she has to make several attempts just to get through a door.

23.     These barriers cause her difficulty and discomfort, as she cannot get to and use spaces in the common areas without a struggle, let alone simply getting in and out of her building. She has encountered most of these barriers; others she has been deterred from using, *e.g.*, there is no point using the pool shower since she cannot use the pool itself.  Defendant has an ongoing practice and policy not to maintain accessible features throughout the facilities.

24.     Because of Defendant's unlawful acts and practices, Ms. Birdwell has suffered and continues to suffer ongoing distress including violation of her civil rights, embarrassment, loss of dignity, loss of independence, and physical pain.  Defendant's refusal to grant her reasonable accommodation requests evidences its intent to discriminate, despite actual knowledge of the law.

1    25.    Unless enjoined, Defendant will continue to engage in the unlawful acts and the

2    pattern or practice of discrimination described in this complaint against Plaintiff and other

3    disabled persons.  Plaintiff continues to suffer irreparable damage and thus has no adequate

4    remedy at law.  Accordingly, Plaintiff is entitled to injunctive relief as set forth below.

5    26.    In doing the acts of which Plaintiff complains, Defendant acted with oppression

6    and malice, and with knowing disregard of Plaintiff's rights.  Accordingly, Plaintiff is entitled to

7    punitive and exemplary damages.

8    27.    In engaging in the unfair acts of which Plaintiff complains, Defendant knew that

9    its conduct was directed at a disabled person, Plaintiff, and that conduct caused her harm,

10   entitling her to a trebling of penalties and statutory and punitive damages pursuant to Civil Code

11   section 3345.

12

13
14
15

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE FEDERAL FAIR HOUSING ACT**
**AGAINST ALL DEFENDANTS**
**[42 U.S.C. § 3601 ET SEQ.]**

16   28.    Plaintiff incorporates by reference the preceding paragraphs.

17   29.    The Fair Housing Amendments Act (FHA) makes it unlawful to "discriminate

18   against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the

19   provision of services or facilities in connection with such dwelling, because of a handicap of any

20   person associated with that person." 42 U.S.C. § 3604(f)(2)(A).

21   30.    Discrimination under the FHA also includes a refusal "to permit, at the expense of

22   the handicapped person, reasonable modifications of existing premises occupied or to be occupied

23   by such person if such modifications may be necessary to afford such person full enjoyment of

24   the premises" and "a refusal to make reasonable accommodations in rules, policies, practices, or

25   services, when such accommodations may be necessary to afford such person equal opportunity

26   to use and enjoy a dwelling." 42 U.S.C. § 3604(3)(A), (B).

27   31.    Plaintiff is a "handicapped person" as defined at 42 U.S.C. § 3602 of the FHA.

28   Plaintiff is also an "aggrieved person" because she has been injured by a discriminatory housing

1    practice and believes it will continue unless remediated by this Court.  42 U.S.C.A. § 3602(i).

2         32.    Plaintiff's apartment is a "dwelling" within the meaning of the FHA.  42 U.S.C. §

3    3602(b).

4         33.    Defendant has violated the FHA as follows:

5              a.    Failing and refusing to grant reasonable accommodation requests that may be

6                   necessary for Plaintiff to have equal access to her home;

7              b.    Failing and refusing to engage in a good faith, timely interactive process

8                   regarding Plaintiff's requests for a reasonable accommodation;

9              c.    Failure to construct and/or maintain facilities constructed for first use after

10                  1992 in an accessible condition, in conformity with the American National

11                  Standard for buildings and facilities providing accessibility and usability for

12                  physically handicapped people (commonly cited as "ANSI A117.1") or other

13                  applicable standard.  Defendant has a pattern and practice, and a policy, not

14                  to maintain its accessible features.

15         34.    Plaintiff has suffered and continues to suffer actual damages as a result of

16    Defendant's refusal to provide this accommodation that would afford Plaintiff the ability to enjoy

17    her home on an equal basis with other tenants.

18         35.    Plaintiff has no adequate remedy at law to compensate her for the continuing loss

19    of opportunity to enjoy the amenities for which she pays and therefore seeks an order from this

20    court enjoining Defendant to grant her reasonable accommodation request.

21         36.    Plaintiff further seeks a mandatory injunction requiring Defendant to implement

22    and disseminate policies and procedures regarding the handling of requests for accommodation

23    by tenants and to provide proper training to their employees on these policies and procedures, to

24    grant her reasonable accommodation requests, and to remove physical barriers to access

25    throughout the property.

26         37.    The barriers to full and equal enjoyment of Plaintiff's home complained of herein

27    as well as the failures to adopt and modify policies and procedures for granting reasonable

28    accommodation requests are patent barriers to people with disabilities and are of an obvious and

FIRST AMENDED COMPLAINT FOR INJUNCTIVE                9
RELIEF AND DAMAGES

intuitive nature such that failing to grant the request or to modify policies demonstrates intentional discrimination. Defendant is familiar with the requirements for the provision of accessible features and policies, for use by people with disabilities and are aware that such matters are governed by federal and State fair housing laws.  Defendant intentionally refused to grant the reasonable accommodation in the face of Plaintiff's direct, timely and written requests for its assistance and its own attorney's advice, and failed to adopt or modify policies and procedures to provide access to Plaintiff and persons similarly situated. Plaintiff's damages resulted from Defendant's intentional acts and omissions.

WHEREFORE, Plaintiff requests relief as outlined below.

**SECOND CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
**AGAINST ALL DEFENDANTS**
**[Cal. Gov't Code § 12955 et seq.]**

38.     Plaintiff incorporates by reference the preceding paragraphs.

39.     The California Fair Employment and Housing Act (FEHA) makes it unlawful for a housing accommodation to discriminate against any person on the basis of…disability…."

40.     Pursuant to Cal. Gov't Code 12955.1 discrimination under FEHA includes a failure to design and to construct multi-family housing that allows access to and use by disabled persons. Such must include at a minimum:

    a.  At least one building entrance on an accessible route, unless it is impracticable to do so because of the terrain or unusual characteristics of the site;

    b.  All public and common areas are readily accessible to and useable by persons with disabilities;

    c.  Interior Doors allow passage to persons in wheelchairs;

    d.  Units have accessible route to and through the dwelling unit;

    e.  Units have kitchens and bathrooms that can be accessed by and be useable to persons in wheelchairs.

///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES                    10

41.    Plaintiff's condominium is a housing accommodation within the definition of Government Code section 12927 and a "covered multi-family dwelling" within the definition of Government Code Section 12955.1.1

42.    Defendant is an "owner" within the meaning of Government Code § 12927(e).

43.    Plaintiff is a "person with a disability" as defined by Cal. Gov't Code § 12955.3 and § 12926.

44.    Defendant has violated FEHA as follows:

a.    Failing and refusing to grant reasonable accommodation requests that may be necessary for Plaintiff to have equal access to her home.

b.    Failing and refusing to engage in a good faith, timely interactive process regarding Plaintiff's requests for a reasonable accommodation.

c.    Failure to construct and maintain facilities in an accessible condition, in conformity with the California Building Code and Cal. Gov't Code Section 12955.1

45.    Plaintiff has suffered actual injury as a result of Defendant's discriminatory behavior.

46.    Plaintiff has no adequate remedy at law to compensate her for the loss of opportunity to enjoy her home and therefore seeks an order from this court enjoining Defendant as previously described.

47.    The barriers to full and equal enjoyment of Plaintiff's home complained of herein as well as the failures to adopt and modify policies and procedures for granting reasonable accommodation requests are patent barriers to people with disabilities and are of an obvious and intuitive nature such that failing to grant the request or to modify policies demonstrates intentional discrimination. Defendant is familiar with the requirements for the provision of accessible features and policies, for use by people with disabilities and are aware that such matters are governed by federal and State fair housing laws. Defendant intentionally refused to grant the reasonable accommodation in the face of Plaintiff's direct, timely and written requests for its assistance and its own attorney's advice, and failed to adopt or modify policies and

1    procedures to provide access to Plaintiff and persons similarly situated. Plaintiff's damages

2    resulted from Defendant's intentional acts and omissions.

3        WHEREFORE, Plaintiff requests relief as outlined below.

4

5                            **THIRD CAUSE OF ACTION**
     **VIOLATION OF CALIFORNIA UNRUH CIVIL RIGHTS ACT**
6                        **AGAINST ALL DEFENDANTS**
                          **[CIVIL CODE § 51 *et. seq.*]**
7

8        48.    Plaintiff incorporates by reference the preceding paragraphs.

9        49.    Plaintiff is a person with a disability as defined by §12926 of the California

10   Government Code.

11       50.    Defendant is an owner and/or operator of a business establishment under the

12   Unruh Act, Civil Code section 51.

13       51.    Unruh requires that Defendant provides Plaintiff as a disabled person "full and

14   equal accommodations, advantages, facilities, privileges, or services" of Avalon Walnut Creek.

15       52.    Section 52(a) of the California Civil Code provides:

16              (a)    Whoever denies, aids or incites a denial, or makes
         any discrimination or distinction contrary to Section 51, 51.5, or
17       51.6, is liable for each and every offense for the actual damages,
         and any amount that may be determined by a jury, or a court sitting
18       without a jury, up to a maximum of three times the amount of actual
         damage but in no case less than four thousand dollars ($4,000), and
19       any attorney's fees that may be determined by the court in addition
         thereto, suffered by any person denied the rights provided in
20       Sections 51, 51.5, or 51.6.

21       53.    Defendant has violated FEHA as follows:

22            a.    Failing and refusing to grant reasonable accommodation requests that may be

23                  necessary for Plaintiff to have equal access to her home.

24            b.    Failing and refusing to engage in a good faith, timely interactive process

25                  regarding Plaintiff's requests for a reasonable accommodation.

26            c.    Failure to construct and maintain facilities in an accessible condition, in

27                  conformity with the California Building Code.

28

54.     Plaintiff does not claim a violation of the Americans with Disabilities Act (ADA) as incorporated into Unruh, Civil Code section 51(f).

55.     As a result of Defendant's acts and omissions, Plaintiff suffered actual harms and losses including but not limited to physical and mental pain, fear, embarrassment and emotional distress.  Plaintiff's harms and losses are ongoing so long as Defendant does not modify its policies and procedures to ensure equal access for Plaintiff and other persons with disabilities. Plaintiff has no adequate remedy at law to compensate her for the loss of opportunity to enjoy her home on an equal basis and therefore seeks, in addition to all appropriate actual damages, an order from this court enjoining Defendant as described above.

56.     The barriers to full and equal enjoyment of Plaintiff's home complained of herein as well as the failures to adopt and modify policies and procedures for granting reasonable accommodation requests are patent barriers to people with disabilities and are of an obvious and intuitive nature such that failing to grant the request or to modify policies demonstrates intentional discrimination. Defendant is familiar with the requirements for the provision of accessible features and policies, for use by people with disabilities and are aware that such matters are governed by federal and State fair housing laws. Defendant intentionally refused to grant the reasonable accommodation in the face of Plaintiff's direct, timely and written requests for its assistance and its own attorney's advice, and failed to adopt or modify policies and procedures to provide access to Plaintiff and persons similarly situated. Plaintiff's damages resulted from Defendant's intentional acts and omissions.

57.     Based upon the foregoing, Plaintiff is entitled to statutory damages, actual damages, punitive and general damages as set forth below.

# **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests.

1    WHEREFORE, Plaintiff prays for judgment and the following specific relief against

2    Defendant:

3         1.      For an order enjoining Defendant, its agents, officers, employees, and all persons

4    acting in concert with it:

5              a.     From continuing the unlawful acts, conditions, and practices described in

6                     this Complaint;

7              b.     To grant the reasonable accommodation Plaintiff has requested;

8              c.     To properly engage in the interactive process with Plaintiff and others

9                     similarly situated to arrive at an effective accommodation that will

10                    provide her equal access to her home;

11             c.     To train Defendant's employees and agents in how to lawfully

12                    accommodate the rights and needs of physically disabled persons;

13             e.     To implement and disseminate nondiscriminatory protocols, policies, and

14                    practices for accommodating persons with mobility disabilities;

15             f.     To remove physical barriers to access and maintain accessible features;

16                    and

17        2.      That the Court retain jurisdiction over the Defendant until such time as the Court

18   is satisfied that Defendant's unlawful policies, practices, acts and omissions, as complained of

19   herein no longer occur, and cannot recur;

20        3.      Award to Plaintiff all appropriate damages, including but not limited to statutory

21   damages, general damages, treble damages and punitive damages in amounts within the

22   jurisdiction of the Court, all according to proof;

23        4.      Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and

24   costs of this proceeding as provided by federal and state law;

25        5.      Grant such other and further relief as this Court may deem just and proper.

26

27   ///

28   ///

FIRST AMENDED COMPLAINT FOR INJUNCTIVE          14
RELIEF AND DAMAGES

Dated:  May 20, 2022                    DERBY, McGUINNESS & GOLDSMITH, LLP


                                        _____/s/ Celia McGuinness_____
                                        By Celia McGuinness
                                        Attorneys for Plaintiff


## DEMAND FOR JURY

Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Dated:  May 20, 2022                    DERBY, McGUINNESS & GOLDSMITH, LLP


                                        _____/s/ Celia McGuinness_____
                                        By Celia McGuinness
                                        Attorneys for Plaintiff