1   CELIA McGUINNESS, ESQ. (SBN 159420)
    STEVEN L. DERBY, ESQ. (SBN 148372)
2   DERBY, McGUINNESS & GOLDSMITH, LLP
    1999 Harrison St., Suite 1800
3   Oakland, CA 94612
    Telephone: (510) 987-8778
4   Facsimile: (510) 359-4419
    Email: info@dmglawfirm.com
5
    Attorney for Plaintiff
6   SARAH BIRDWELL

7
                        UNITED STATES DISTRICT COURT
8                      NORTHERN DISTRICT OF CALIFORNIA

9

10  SARAH BIRDWELL,                      CASE NO. 4:21-cv-00864-JST

11          Plaintiff,                   Civil Rights

12      v.                               **SECOND AMENDED COMPLAINT FOR
                                         INJUNCTIVE RELIEF AND DAMAGES:**
13  AVALONBAY COMMUNITIES, INC.,
    a California Corporation             1)  Violation of the Federal Fair Housing Act,
14                                           42 U.S.C. § 3601 *et seq.*
            Defendants.
15                                       2)  Violation of the Americans with Disabilities
                                             Act Title III, 432 U.S.C. § 12181 *et seq.*
16
                                         3)  Violation of the Fair Employment and
17                                           Housing Act, Cal. Gov't Code § 12955 *et
                                             seq.*
18
                                         4)  Violation of the Unruh Civil Rights Act,
19                                           Cal. Civil Code §51 *et seq.*

20                                       **DEMAND FOR JURY TRIAL**

21

22

23                              **INTRODUCTION**

24      1.      Defendant, a billion-dollar real estate development and property management

25  company, is discriminating against Plaintiff, a disabled tenant, by making her pay the cost of her

26  reasonable accommodation request for a modification of their occupancy policy.  Defendant also

27  fails to construct and maintain their new facilities in compliance with the Fair Housing Act and

28  State law.  Defendant's failure and refusal to accommodate Plaintiff's disability-related needs

1  denies her equal enjoyment of her home in violation of federal and State disability laws.

2

3                                **JURISDICTION**

4        2.      This Court has jurisdiction over the claims brought under federal law pursuant to

5   28 U.S.C. § 1331 for violations of 29 U.S.C. § 794.  This Court has jurisdiction over the pendent

6   state law claims brought under California law pursuant to 28 U.S.C. § 1367.

7

8                                   **VENUE**

9        3.      Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on

10  the fact that the real property which is the subject of this action is located in this District and that

11  Plaintiff's causes of action arose in this District.

12

13                                 **PARTIES**

14       4.      Plaintiff Sarah Birdwell is a graphic designer and teacher.  She lives with a

15  medical condition that causes her to be very weak in her extremities.  She uses a power

16  wheelchair for ambulation and has limited use of her arms and hands.  She cannot walk, lift, pull,

17  or perform activities of daily living in the same manner and with the same function as other

18  people.  She has a home health aide at least 15 hours per day.  She is and at all times relevant to

19  this action has been a person with a disability within the meaning of the federal Fair Housing Act

20  (42 U.S.C. § 3602), the California Fair Employment and Housing Act ("FEHA") (Government

21  Code §§ 12926 and 12926.1), the California Unruh Civil Rights Act ("Unruh Act") (Civil Code

22  § 51) and Civil Code § 3345.  She drives a wheelchair-accessible vehicle and holds a disabled

23  parking placard from the State of California.

24       5.      Ms. Birdwell rents an apartment at Avalon Walnut Creek, an apartment complex

25  in Walnut Creek, California.   Defendant's employees are aware that Ms. Birdwell is a person

26  with disabilities, as her disabilities are obvious upon seeing her.

27       6.      Defendant AvalonBay Communities, Inc., is a California corporation.  It describes

28  itself as "an equity REIT" with "a long-term track record of developing, redeveloping, acquiring

SECOND AMENDED COMPLAINT FOR INJUNCTIVE          2
RELIEF AND DAMAGES

1    and managing distinctive apartment homes." It calls itself the 9th-largest publicly traded REIT in

2    the U.S. It owns or holds an ownership interest in 294 apartment communities containing 86,676

3    apartment homes in 11 states and the District of Columbia. It developed, owns and manages

4    Avalon Walnut Creek, comprising 418-apartments and amenities such as a parking garage, and a

5    swimming pool.

6        7.    Defendant AvalonBay Communities, Inc. holds out on its website that "As

7    someone seeking to rent an apartment…..you have the right to expect that housing will be

8    available to you without discrimination or other limitations based on race, color, religion, sex,

9    handicap, familial status, or national origin. This includes….no discrimination in the pricing or

10   financing of housing, reasonable accommodation in rules, practices and procedures for persons

11   with disabilities, and to be free from harassment or intimidation for exercising your fair housing

12   rights. Defendant lists the Fair Housing Act, Americans with Disabilities Act and State and Local

13   Laws as the basis for going to "great lengths to comply with the Fair Housing Act"

14   http://www.avaloncommunities.com/equal-housing-opportunity-communities, lasted visited

15   December 1, 2020.

16       8.    Defendant also represents that one of its core values is to "take ownership of and

17   accountability for our choices and actions. We act in ways that focus on creating value for our

18   customers…" http://www.avaloncommunities.com/about-us/purpose-and-values, lasted visited

19   December 1, 2020.

20

21                        **FACTS COMMON TO ALL CLAIMS**

22                        Denial of Reasonable Accommodation Requests

23       9.    In order to qualify for tax credits and other development incentives, Avalon

24   Walnut Creek offers a certain percentage of below-market rental units. Ms. Birdwell qualifies for

25   a below market unit. When she was accepted for tenancy in 2010, Ms. Birdwell asked for (a) a

26   wheelchair accessible unit and (b) a two-bedroom unit to accommodate her disability-related need

27   for an overnight health aide. The property manager at the time, told her he did not think the

28   property had any wheelchair accessible units, but he could give her a two-bedroom unit at the

SECOND AMENDED COMPLAINT FOR INJUNCTIVE          3
RELIEF AND DAMAGES

1    one-bedroom rate.

2        10.    Ms. Birdwell accepted the two-bedroom unit as her best option, though it was not

3    accessible.  Relying on the manager's word and not having any basis for comparison, Ms.

4    Birdwell assumed that she was being charged the one-bedroom price, as an accommodation of her

5    disability.

6        11.    In 2016, Defendant notified Ms. Birdwell that she was violating its housing

7    policies because she was living in a two-bedroom unit as the only person on the lease.  Defendant

8    threatened to evict her unless she moved to a one-bedroom unit.  Ms. Birdwell reminded

9    management of the fact that her two-bedroom unit was a reasonable accommodation of her

10   disability-related needs, an accommodation she had been granted eight years earlier.  Defendant

11   asked her to put a new reasonable accommodation request in writing, and to provide a note from

12   her caregiver.  She did so.

13       12.    In 2018, Plaintiff learned she was being charged more than the one-bedroom rate.

14   She raised the issue with management, stating that based on her accommodation she should be

15   paying the one-bedroom rate.  In July 2018, Defendant confirmed it indeed was charging her the

16   two-bedroom rate.  Plaintiff asked to be charged only the one-bedroom rate, in accordance with

17   her need for accommodation.

18       13.    Defendant decided to continue imposing the cost of the accommodation on her.  In

19   September 2018, Defendant refused to charge her the one-bedroom rate, even though it agreed the

20   two-bedroom unit was a reasonable accommodation of her disability.  Its only "interactive

21   process" suggestion was that Plaintiff move out of her unit.  "Granting" an accommodation but

22   expecting the tenant to pay for it is actually a denial of the accommodation.

23       14.    Defendant has never claimed that paying for the reasonable accommodation would

24   be an unreasonable financial or administrative burden upon it.  Plaintiff is informed and believe it

25   would not unreasonably burden Defendant, which enjoyed $147,700,000 net profit over the first

26   three quarters of 2020 alone.

27       15.    In 2020, Plaintiff retained counsel, who sent Defendant a letter on June 25, 2020,

28   warning Defendant that it was violating Plaintiff's federal and State civil rights by making her

1    pay for the accommodation.  Plaintiff's counsel asked Defendant reduce Plaintiff's rent to the

2    one-bedroom rate.   In prelitigation negotiations between June and October 2020, Defendant

3    repeatedly reiterated its intent to continue charging Plaintiff for her reasonable accommodation.

4

5            Additional Denial of Reasonable Accommodation

6            16.      In the summer of 2019, PG&E enforced rolling electricity blackouts due to

7    rampant wildfires.  During the outages, the elevators in Ms. Birdwell's building were out of

8    service.  She lives on the second floor of her building.  Therefore, she was trapped in her unit for

9    three straight days.

10           17.      Plaintiff made reasonable accommodation requests for assistance getting out of her

11   apartment during power outages.  Defendant denied her request and told her to call the fire

12   department for assistance.  It did not claim that granting the request would be an undue burden.

13   Defendant did not engage in any interactive process.

14           18.      Defendant told Plaintiff that her only option if she wanted to leave her unit was to

15   call the fire department for EMT assistance.  Thus, Defendant foisted its responsibility for its

16   tenants' needs onto taxpayers and burdened public services.  Ms. Birdwell could not envision

17   calling the fire department twice a day for assistance.  She had no choice to remain in her

18   apartment until the power returned.

19

20           Physical Barriers to Access in the Facilities

21           19.      Avalon Walnut Creek is a new property.  Based upon a review of publicly

22   available records, Plaintiff is informed and believes that it was developed in 2006 through 2009.

23           20.      Avalon Walnut Creek was required to be built in compliance with both the

24   American National Standard Access Standards and the California Building Code, Title 24-2, in

25   order to ensure equal access to facilities for people with disabilities.

26           21.      Defendant either failed to construct, or failed to maintain, the required accessible

27   elements.  As a result, violations of these building requirements pervade the facilities, interfering

28   with her full and equal enjoyment of the facilities.  For example, in Plaintiff's apartment:

SECOND AMENDED COMPLAINT FOR INJUNCTIVE                    5
RELIEF AND DAMAGES

1  • The entry door is excessively heavy for her and closes too quickly on her

2     wheelchair.

3  • The kitchen lacks an accessible work surface.

4  • One bathroom lacks the required maneuvering clearance on the inside to allow

5     sufficient space to open the door;

6  • The other bathroom does not provide sufficient strike-side clearance to open the

7     door on the pull side.

8  These elements cause Plaintiff difficulty and reduce her independence within her own home.

9     22.   Other code violations impede Ms. Birdwell's access to common areas and tenant

10 amenities.  The barriers include:

11  • There are 194 unassigned resident parking spaces in the Sunne Lane garage

12     serving her unit, but only 5 are accessible, half the number required, causing her

13     difficulty when she cannot find a place to park.

14  • None of the additional two Hybrid Vehicle parking spaces and 14 Electric Vehicle

15     parking spaces are accessible.

16  • The garage lacks the required accessibility signage.

17  • At one of the swimming pools there is absolutely no means of entry for a

18     wheelchair user like plaintiff.  At the other pool there is a sleeve installed to place

19     a wheelchair lift, but the lift is at all times stored in a closet and has never been

20     placed in service.  She has never been able to use either pool any time during her

21     tenancy.

22  • In addition, at one of the pools the newly-installed deck had an approximately 2"

23     change of level built into it where it meets the original decking, creating a safety

24     hazard for her.

25  • At 1001 Harvey, the BBQ grills are not accessible to her.

26  • Doors throughout the common areas, including 1000 and 1001 Harvey, in

27     corridors, swimming pools, lounge areas and restrooms, contain various barriers

28     causing her difficulty and safety hazards, *e.g.*, insufficient strike side clearance,

SECOND AMENDED COMPLAINT FOR INJUNCTIVE        6
RELIEF AND DAMAGES

excessively high thresholds, doors too heavy and/or closing too quickly, bottom
rail not tapered.

- Other problems in the common area paths of travel include improperly installed
truncated domes and a ramp where the handrail extension does not extend far
enough past the end of the ramp.

- Common area restrooms at the pool, the leasing office and the fitness center lack
sufficient turning radius, elements such as grab bars, toilet paper and sanitary
napkin dispensers and door handles are not properly installed, and hot water pipes
are not insulated.

- Additionally, the 1000 Harvey swimming pool shower is not properly constructed
in that the lavatory does not allow leg space, the folding seat is too far from the
wall and the shower arm is out of reach range.

- Throughout the common areas wayfinding signage for accessible routes is missing,
wrongly positioned or confusing, a potential danger in times of emergency.

- Card readers installed for security at common area doors and elevators are placed
too high or at locations difficult for her to reach.  When she uses her card to unlock
these doors or call the elevator they relock too quickly, before she can maneuver
through the door.  Often she has to make several attempts just to get through a
door.

23.     These barriers cause her difficulty and discomfort, as she cannot get to and use
spaces in the common areas without a struggle, let alone simply getting in and out of her building.
She has encountered most of these barriers; others she has been deterred from using, *e.g.*, there is
no point using the pool shower since she cannot use the pool itself.  Defendant has an ongoing
practice and policy not to maintain accessible features throughout the facilities.

24.     Because of Defendant's unlawful acts and practices, Ms. Birdwell has suffered and
continues to suffer ongoing distress including violation of her civil rights, embarrassment, loss of
dignity, loss of independence, and physical pain.  Defendant's refusal to grant her reasonable
accommodation requests evidences its intent to discriminate, despite actual knowledge of the law.

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES

7

1      25.    Unless enjoined, Defendant will continue to engage in the unlawful acts and the

2  pattern or practice of discrimination described in this complaint against Plaintiff and other

3  disabled persons.  Plaintiff continues to suffer irreparable damage and thus has no adequate

4  remedy at law.  Accordingly, Plaintiff is entitled to injunctive relief as set forth below.

5      26.    In doing the acts of which Plaintiff complains, Defendant acted with oppression

6  and malice, and with knowing disregard of Plaintiff's rights.  Accordingly, Plaintiff is entitled to

7  punitive and exemplary damages.

8      27.    In engaging in the unfair acts of which Plaintiff complains, Defendant knew that

9  its conduct was directed at a disabled person, Plaintiff, and that conduct caused her harm,

10  entitling her to a trebling of penalties and statutory and punitive damages pursuant to Civil Code

11  section 3345.

12

**FIRST CAUSE OF ACTION:**
13  **VIOLATION OF THE FEDERAL FAIR HOUSING ACT**
**AGAINST ALL DEFENDANTS**
14  **[42 U.S.C. § 3601 ET SEQ.]**

15      28.    Plaintiff incorporates by reference the preceding paragraphs.

16      29.    The Fair Housing Amendments Act (FHA) makes it unlawful to "discriminate

17  against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the

18  provision of services or facilities in connection with such dwelling, because of a handicap of any

19  person associated with that person." 42 U.S.C. § 3604(f)(2)(A).

20      30.    Discrimination under the FHA also includes a refusal "to permit, at the expense of

21  the handicapped person, reasonable modifications of existing premises occupied or to be occupied

22  by such person if such modifications may be necessary to afford such person full enjoyment of

23  the premises" and "a refusal to make reasonable accommodations in rules, policies, practices, or

24  services, when such accommodations may be necessary to afford such person equal opportunity

25  to use and enjoy a dwelling." 42 U.S.C. § 3604(3)(A), (B).

26      31.    Plaintiff is a "handicapped person" as defined at 42 U.S.C. § 3602 of the FHA.

27  Plaintiff is also an "aggrieved person" because she has been injured by a discriminatory housing

28  practice and believes it will continue unless remediated by this Court.  42 U.S.C.A. § 3602(i).

SECOND AMENDED COMPLAINT FOR INJUNCTIVE
RELIEF AND DAMAGES         8

1    32.    Plaintiff's apartment is a "dwelling" within the meaning of the FHA.  42 U.S.C. §

2    3602(b).

3    33.    Defendant has violated the FHA as follows:

4    a.    Failing and refusing to grant reasonable accommodation requests that may be

5    necessary for Plaintiff to have equal access to her home;

6    b.    Failing and refusing to engage in a good faith, timely interactive process

7    regarding Plaintiff's requests for a reasonable accommodation;

8    c.    Failure to construct and/or maintain facilities constructed for first use after

9    1992 in an accessible condition, in conformity with the American National

10    Standard for buildings and facilities providing accessibility and usability for

11    physically handicapped people (commonly cited as "ANSI A117.1") or other

12    applicable standard.  Defendant has a pattern and practice, and a policy, not

13    to maintain its accessible features.

14    34.    Plaintiff has suffered and continues to suffer actual damages as a result of

15    Defendant's refusal to provide this accommodation that would afford Plaintiff the ability to enjoy

16    her home on an equal basis with other tenants.

17    35.    Plaintiff has no adequate remedy at law to compensate her for the continuing loss

18    of opportunity to enjoy the amenities for which she pays and therefore seeks an order from this

19    court enjoining Defendant to grant her reasonable accommodation request.

20    36.    Plaintiff further seeks a mandatory injunction requiring Defendant to implement

21    and disseminate policies and procedures regarding the handling of requests for accommodation

22    by tenants and to provide proper training to their employees on these policies and procedures, to

23    grant her reasonable accommodation requests, and to remove physical barriers to access

24    throughout the property.

25    37.    The barriers to full and equal enjoyment of Plaintiff's home complained of herein

26    as well as the failures to adopt and modify policies and procedures for granting reasonable

27    accommodation requests are patent barriers to people with disabilities and are of an obvious and

28    intuitive nature such that failing to grant the request or to modify policies demonstrates

1    intentional discrimination. Defendant is familiar with the requirements for the provision of

2    accessible features and policies, for use by people with disabilities and are aware that such

3    matters are governed by federal and State fair housing laws.  Defendant intentionally refused to

4    grant the reasonable accommodation in the face of Plaintiff's direct, timely and written requests

5    for its assistance and its own attorney's advice, and failed to adopt or modify policies and

6    procedures to provide access to Plaintiff and persons similarly situated. Plaintiff's damages

7    resulted from Defendant's intentional acts and omissions.

8              WHEREFORE, Plaintiff requests relief as outlined below.

9

10                          **SECOND CAUSE OF ACTION**
                    **VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
11                             **[42 U.S.C. § 12181 et seq.]**

12

13        38.     Plaintiff incorporates by reference the preceding paragraphs.

14        39.     Plaintiff was denied full and equal enjoyment of and access to Defendant's

     goods, services, facilities, privileges, advantages, or accommodations in violation of the ADA.
15
     The condition of Defendant's facility and/or the manner in which Defendants provided services
16
     failed to provide full and equal access to Defendant's goods and services in public
17
     accommodations as required generally by the provisions of 42 U.S.C. sections 12182(a) and
18
     12182(b)(1)(A), denying her participation and providing her an unequal and separate benefit
19
     compared to its able-bodied customers.
20
          40.     The facilities at Avalon Walnut Creek includes areas that are open to the general
21
     public, *e.g.,* the leasing office, paths of travel to and through the property, and parts of the
22
     garages.  Those areas comprise public accommodations as defined in 42 U.S.C. section
23
     12181(7).  Defendant owns and operates the public accommodation areas.
24
          41.     Plaintiff is a person with a physical disability as alleged above.  Moreover,
25
     Plaintiff has a history of or has been diagnosed and/or classified as having a physical
26
     impairment under 42 U.S.C. § 12102(2)(A).
27
          42.     Defendant denied Plaintiff equal access to and enjoyment of the facility as
28

SECOND AMENDED COMPLAINT FOR INJUNCTIVE          10
RELIEF AND DAMAGES

1    follows:

2        a.  By "failure to design and construct facilities for first occupancy later than 30

3            months after July 26, 1990, that are readily accessible to and usable by

4            individuals with disabilities." 42 U.S.C. § 12183.

5        b.  Alternatively or additionally, by failure to alter its facilities in a manner that

6            is "readily accessible to and usable by individuals with disabilities." 42

7            U.S.C. section 12183(a)(2); 28 C.F.R. §§ 36.402, 36.403.

8        c.  By failing to "remove architectural barriers . . . that are structural in nature, in

9            existing facilities . . . where such removal is readily achievable." 42 U.S.C. §

10           12182(b)(2)(A). Plaintiff alleges that the removal of each of the specific

11           barriers that Plaintiff encountered as set forth above, was at all times, "readily

12           achievable" pursuant to the factors outlined in the statute and the regulations

13           under 28 CFR Part 36.  Further, assuming, *arguendo*, that Defendant were

14           able to meet its burden of proof that the removal of architectural barriers was

15           or is not "readily achievable," Defendant has conspicuously failed to make its

16           goods, services, facilities, privileges, advantages and/or accommodations

17           available through alternative readily achievable means pursuant to the

18           requirements of 42 U.S.C. section 12182(b)(2)(A)(v).

19       d.  By failing to maintain features that are required to be accessible pursuant to

20           28 CFR section 36.211.

21       e.  By failing to "make reasonable modifications in policies, practices and

22           procedures when such modifications are necessary to afford such goods,

23           services, facilities, privileges, advantages or accommodations to individuals

24           with disabilities."  42 U.S.C. §12182(b)(2)(A)(ii). Defendant failed and

25           refused to reasonably modify its policies, practices, and procedures in that it

26           failed to have a scheme, plan, or design to assist Plaintiff and/or others

27           similarly situated in enjoying and utilizing Defendant's services, facilities,

28           privileges, advantages, or accommodations, as required by the ADA.

SECOND AMENDED COMPLAINT FOR INJUNCTIVE          11
RELIEF AND DAMAGES

1    Additionally, Defendant conspicuously failed to adopt required policies and

2    procedures to allow people with disabilities to effectively navigate the

3    Facility.

4    43.    The elements and features in the public accommodation areas that are not

5    accessible to Plaintiff (as enumerated in Paragraph 22, *supra*) include, *e.g.*, the leasing office

6    and doors and thresholds throughout the common areas.

7    44.    Plaintiff was damaged and will suffer irreparable harm unless Defendant is

8    ordered to discontinue business at the Facility or: (i) remove architectural and other barriers at

9    Defendant's property and otherwise obey the requirements of the ADA and (ii) adopt policies

10    and procedures that comport with the requirements of the ADA with respect to the enjoyment of

11    the facilities by guests with disabilities.  Defendant's discriminatory conduct is capable of

12    repetition, and this discriminatory repetition adversely impacts Plaintiff and a substantial

13    segment of the disability community.  There is a national public interest in requiring

14    accessibility in places of public accommodation.  Plaintiff has no adequate remedy at law to

15    redress the discriminatory conduct of Defendant.  As a tenant, Plaintiff has no choice but to

16    experience the public accommodation areas of Avalon Walnut Creek.  Accordingly, Plaintiff

17    alleges that a prohibitory or mandatory injunction is necessary to assure that Defendant

18    complies with the applicable requirements of the ADA.

19

20    **THIRD CAUSE OF ACTION**
**VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT**
**AGAINST ALL DEFENDANTS**

21    **[Cal. Gov't Code § 12955 et seq.]**

22    45.    Plaintiff incorporates by reference the preceding paragraphs.

23    46.    The California Fair Employment and Housing Act (FEHA) makes it unlawful for a

24    housing accommodation to discriminate against any person on the basis of…disability…."

25    47.    Pursuant to Cal. Gov't Code 12955.1 discrimination under FEHA includes a

26    failure to design and to construct multi-family housing that allows access to and use by disabled

27    persons. Such must include at a minimum:

28    a.    At least one building entrance on an accessible route, unless it is impracticable

SECOND AMENDED COMPLAINT FOR INJUNCTIVE    12
RELIEF AND DAMAGES

1   to do so because of the terrain or unusual characteristics of the site;

2   b.  All public and common areas are readily accessible to and useable by persons

3   with disabilities;

4   c.  Interior Doors allow passage to persons in wheelchairs;

5   d.  Units have accessible route to and through the dwelling unit;

6   e.  Units have kitchens and bathrooms that can be accessed by and be useable to

7   persons in wheelchairs.

8   48.   Plaintiff's condominium is a housing accommodation within the definition of

9   Government Code section 12927 and a "covered multi-family dwelling" within the definition of

10  Government Code Section 12955.1.1

11  49.   Defendant is an "owner" within the meaning of Government Code § 12927(e).

12  50.   Plaintiff is a "person with a disability" as defined by Cal. Gov't Code § 12955.3

13  and § 12926.

14  51.   Defendant has violated FEHA as follows:

15  a.  Failing and refusing to grant reasonable accommodation requests that may be

16  necessary for Plaintiff to have equal access to her home.

17  b.  Failing and refusing to engage in a good faith, timely interactive process

18  regarding Plaintiff's requests for a reasonable accommodation.

19  c.  Failure to construct and maintain facilities in an accessible condition, in

20  conformity with the California Building Code and Cal. Gov't Code Section

21  12955.1.

22  52.   Plaintiff has suffered actual injury as a result of Defendant's discriminatory

23  behavior.

24  53.   Plaintiff has no adequate remedy at law to compensate her for the loss of

25  opportunity to enjoy her home and therefore seeks an order from this court enjoining Defendant

26  as previously described.

27  54.   The barriers to full and equal enjoyment of Plaintiff's home complained of herein

28  as well as the failures to adopt and modify policies and procedures for granting reasonable

1    accommodation requests are patent barriers to people with disabilities and are of an obvious and

2    intuitive nature such that failing to grant the request or to modify policies demonstrates

3    intentional discrimination. Defendant is familiar with the requirements for the provision of

4    accessible features and policies, for use by people with disabilities and are aware that such

5    matters are governed by federal and State fair housing laws. Defendant intentionally refused to

6    grant the reasonable accommodation in the face of Plaintiff's direct, timely and written requests

7    for its assistance and its own attorney's advice, and failed to adopt or modify policies and

8    procedures to provide access to Plaintiff and persons similarly situated. Plaintiff's damages

9    resulted from Defendant's intentional acts and omissions.

10          WHEREFORE, Plaintiff requests relief as outlined below.

11

12                              **FOURTH CAUSE OF ACTION**
        **VIOLATION OF CALIFORNIA UNRUH CIVIL RIGHTS ACT**
                        **AGAINST ALL DEFENDANTS**
13                        **[CIVIL CODE § 51 *et. seq.*]**

14          55.    Plaintiff incorporates by reference the preceding paragraphs.

15          56.    Plaintiff is a person with a disability as defined by §12926 of the California

16    Government Code.

17          57.    Defendant is an owner and/or operator of a business establishment under the

18    Unruh Act, Civil Code section 51.

19          58.    Unruh requires that Defendant provides Plaintiff as a disabled person "full and

20    equal accommodations, advantages, facilities, privileges, or services" of Avalon Walnut Creek.

21          59.    Section 52(a) of the California Civil Code provides:

22                 (a)    Whoever denies, aids or incites a denial, or makes
             any discrimination or distinction contrary to Section 51, 51.5, or
23           51.6, is liable for each and every offense for the actual damages,
             and any amount that may be determined by a jury, or a court sitting
24           without a jury, up to a maximum of three times the amount of actual
             damage but in no case less than four thousand dollars ($4,000), and
25           any attorney's fees that may be determined by the court in addition
             thereto, suffered by any person denied the rights provided in
26           Sections 51, 51.5, or 51.6.

27          60.    Defendant has violated the Unruh Act as follows:

28                 a.    Failing and refusing to grant reasonable accommodation requests that may be

1          necessary for Plaintiff to have equal access to her home.

2          b.    Failing and refusing to engage in a good faith, timely interactive process

3                regarding Plaintiff's requests for a reasonable accommodation.

4          c.    Failure to construct and maintain facilities in an accessible condition, in

5                conformity with the California Building Code.

6          d.    Violating the Americans with Disabilities Act (ADA) as incorporated into

7                Unruh, Civil Code section 51(f).  A violation of the ADA is *per se* a

8                violation of the Unruh Act.

9    61.    As a result of Defendant's acts and omissions, Plaintiff suffered actual harms and

10   losses including but not limited to physical and mental pain, fear, embarrassment and emotional

11   distress.  Plaintiff's harms and losses are ongoing so long as Defendant does not modify its

12   policies and procedures to ensure equal access for Plaintiff and other persons with disabilities.

13   Plaintiff has no adequate remedy at law to compensate her for the loss of opportunity to enjoy her

14   home on an equal basis and therefore seeks, in addition to all appropriate actual damages, an

15   order from this court enjoining Defendant as described above.

16   62.    The barriers to full and equal enjoyment of Plaintiff's home complained of herein

17   as well as the failures to adopt and modify policies and procedures for granting reasonable

18   accommodation requests are patent barriers to people with disabilities and are of an obvious and

19   intuitive nature such that failing to grant the request or to modify policies demonstrates

20   intentional discrimination. Defendant is familiar with the requirements for the provision of

21   accessible features and policies, for use by people with disabilities and are aware that such

22   matters are governed by federal and State fair housing laws. Defendant intentionally refused to

23   grant the reasonable accommodation in the face of Plaintiff's direct, timely and written requests

24   for its assistance and its own attorney's advice, and failed to adopt or modify policies and

25   procedures to provide access to Plaintiff and persons similarly situated. Plaintiff's damages

26   resulted from Defendant's intentional acts and omissions.

27   63.    Based upon the foregoing, Plaintiff is entitled to statutory damages, actual

28   damages, punitive and general damages as set forth below.

SECOND AMENDED COMPLAINT FOR INJUNCTIVE          15
RELIEF AND DAMAGES

**PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendants as alleged herein, unless Plaintiff is granted the relief he requests.

WHEREFORE, Plaintiff prays for judgment and the following specific relief against Defendant:

1.    For an order enjoining Defendant, its agents, officers, employees, and all persons acting in concert with it:

    a.    From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b.    To grant the reasonable accommodation Plaintiff has requested;

    c.    To properly engage in the interactive process with Plaintiff and others similarly situated to arrive at an effective accommodation that will provide her equal access to her home;

    c.    To train Defendant's employees and agents in how to lawfully accommodate the rights and needs of physically disabled persons;

    e.    To implement and disseminate nondiscriminatory protocols, policies, and practices for accommodating persons with mobility disabilities;

    f.    To remove physical barriers to access and maintain accessible features; and

2.    That the Court retain jurisdiction over the Defendant until such time as the Court is satisfied that Defendant's unlawful policies, practices, acts and omissions, as complained of herein no longer occur, and cannot recur;

3.    Award to Plaintiff all appropriate damages, including but not limited to statutory damages, general damages, treble damages and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

4.    Award to Plaintiff all reasonable statutory attorney fees, litigation expenses, and costs of this proceeding as provided by federal and state law;

5.      Grant such other and further relief as this Court may deem just and proper.

Dated:  February 1, 2023                    DERBY, McGUINNESS & GOLDSMITH, LLP


                                              */s/ Celia McGuinness*
                                            By Celia McGuinness
                                            Attorneys for Plaintiff


## **DEMAND FOR JURY**

Plaintiff hereby demands a jury for all claims for which a jury is permitted.

Dated:  February 1, 2023                    DERBY, McGUINNESS & GOLDSMITH, LLP


                                              */s/ Celia McGuinness*
                                            By Celia McGuinness
                                            Attorneys for Plaintiff

SECOND AMENDED COMPLAINT FOR INJUNCTIVE          17
RELIEF AND DAMAGES